**Jin Wen LIN, Petitioner,**

*v.*

**EXECUTIVE OFFICE OF IMMIGRATION REVIEW, Board of Immigration Appeals, Respondents.**

**No. 04–3489–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 13, 2006.

Paul A. Goldberger, Robert A. Horne, New York, New York, for Petitioner.

Paul I. Perez, U.S. Atty. for the Middle District of Florida, Tamra Phipps, Marco W. Valladares, Asst. U.S. Attys., Jacksonville, Florida, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Jin Wen Lin petitions for review of the May 2004 decision of the BIA denying her motion to reopen her exclusion proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA has wide latitude in deciding when to reopen a case, even when an alien establishes a prima facie case for relief. 8 C.F.R. § 1003.2(a); *INS v. Abudu,* 485 U.S. 94, 108, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Thus, the BIA did not abuse its discretion, particularly when Lin failed to establish prima facie eligibility for asylum. *See Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904.

The BIA rationally concluded that Lin's new evidence was simply too speculative to be considered material and thus to warrant reopening. *See* 8 C.F.R. §§ 1003.2(c). This Court has "assumed, without specifically deciding," that a Chinese national can base an asylum claim on children born in the United States rather than China. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128 n. 1 (2d Cir.2005). However, Lin's alleged fear of future persecution by China's family planning authorities could not be considered well-founded when she was not, at the time, in violation of their one-child policy.

Moreover, she did not establish that her fear of sterilization was objectively reasonable, even if she did have another child. *See id.* at 128–29 (finding petitioner's claim speculative even though he already had two children in the United States). The only corroboration she submitted was an affidavit detailing Chinese family planning policies in general. The BIA rationally concluded that this affidavit did not provide enough details about individuals in Lin's particular situation to render her fear objectively reasonable. In the absence of any "solid support" for her claim

that she would be forcibly sterilized, the BIA properly dismissed her motion as speculative. *See id.* at 129. Moreover, the BIA was entitled to count the timing and circumstances of Lin's motion as negative discretionary factors. The BIA was well within its discretion in denying Lin's motion, and therefore its decision is affirmed. *See Kaur,* 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).